## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DALE E. McCORMICK, et al.,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| v. ) | **No. 05-2068-KHV** |
| ) | |
| **CITY OF LAWRENCE, KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

On February 17, 2005, plaintiff sued the City of Lawrence, Kansas and various individuals for violation of his constitutional rights. See Doc. #1. On May 2, 2005, the Court ordered him to submit an initial partial filing fee of $94.00 within 30 days. See Doc. #7. Plaintiff failed to do so. On June 10, 2005, the Court ordered plaintiff to show good cause in writing why his claims should not be dismissed in their entirety without prejudice for failure to pay the initial partial filing fee. See Doc. #8. This matter comes before the Court on plaintiff's Motion To Stay, Pending State Litigation; And Motion For Extension Of Time To Pay Filing Fee ("Motion To Stay") (Doc. #9) filed June 14, 2005; Plaintiff's Response To The Court's 6/10/05 Show Cause Order (Doc. #11) filed July 6, 2005; and plaintiff's Motion For Extension Of Time To File Show Cause Response (Doc. #12) filed July 6, 2005. As an initial matter, the Court sustains plaintiff's motion for extension of time to file a response to the show cause order.

In response to the show cause order, plaintiff asks the Court to extend the time for him to pay the initial partial filing fee until after the Court has ruled on his motion to stay proceedings in this case. Plaintiff contends that because some of his claims are directly related to his state court convictions, they are barred

by Heck v. Humphrey, 512 U.S. 477 (1994).[1]  He states that he has appealed the convictions and expects them to be reversed within the next year.  Plaintiff asks the Court to stay this case pending appeal of his state court convictions.

The power to stay proceedings is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  The Court has discretion whether to grant a stay.  See id.; Pet Milk Co. v. Ritter, 323 F.2d 586, 588 (10th Cir. 1963).  In exercising its judgment, the Court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 255.  The party requesting a stay "must make out a clear case of hardship or inequity, if there is even a fair possibility that the stay will work damage to some one else."  Id.; see also Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983). The Tenth Circuit has emphasized that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." Chilcott, 713 F.2d at 1484 (quoting Klein v. Adams & Peck, 436 F.2d 337, 339 (2d Cir. 1971)).  The granting of a stay must be kept within the "bounds of moderation." Landis, 299 U.S. at 256.  Courts abuse their discretion if they issue a stay of infinite duration, absent a pressing need.  See id. at 255.

---

[1] In Heck v. Humphrey, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 487.  In this case, plaintiff claims, inter alia, that incident to his unlawful arrest and in retaliation for his political speech, defendants unconstitutionally searched, seized and refused to return various property.  Plaintiff asserts that many of his claims, if successful, would undermine the validity of his state court convictions and are therefore barred by Heck v. Humphrey.  See Motion To Stay ¶ 1.

On this record, the Court finds that an open-ended stay of proceedings will not promote judicial economy or serve the interests of justice. As to plaintiff's pending appeal of his state convictions, the Court can only speculate as to when the state court will issue a ruling, whether plaintiff will prevail or whether the case will be appealed to a higher court. Further, plaintiff points to no reason why, if he prevails on appeal, he cannot re-file any claims which may be barred by Heck v. Humphrey.

Plaintiff indicates that Heck v. Humphrey does not bar all of his claims. See Motion To Stay (Doc. #9) at 1-2. If plaintiff wishes to proceed as to those claims, on or before **July 28, 2005,** he must pay the initial partial filing fee of $94.00. If plaintiff fails to do so, the Court will dismiss all of plaintiff's claims in their entirety, without prejudice, without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Stay, Pending State Litigation; And Motion For Extension Of Time To Pay Filing Fee ("Motion To Stay") (Doc. #9) filed June 14, 2005 be and hereby is **OVERRULED in part and SUSTAINED in part.** The Court denies plaintiff's request to stay proceedings and grants him an extension until **July 28, 2005** to pay the initial partial filing fee of $94.00.

**IT IS FURTHER ORDERED** that on or before **July 28, 2005,** plaintiff pay the initial partial filing fee of $94.00. Failure to do so will result in dismissal of all claims in their entirety, without prejudice, without further notice.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Extension Of Time To File Show Cause Response (Doc. #12) filed July 6, 2005 be and hereby is **SUSTAINED.** The time for plaintiff to file a response to the show cause order is extended to July 6, 2005.

Dated this 14th day of July, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge